MARY A. DALY, complainant-appellant,

*v.*

RIPLEY WATSON, defendant-respondent.

[Submitted February 15th, 1935.   Decided May 17th, 1935.]

*Mr. L. Edward Herrmann* and *Mr. Ralph W. Emerson,* for the appellant.

*Mr. Dougal Herr* and *Mr. William A. Kaufmann,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an order of the court of chancery (which is in effect a final decree) dismissing the complainant's bill.   The bill was stricken on the ground that the "allegations thereof are lacking in definiteness, clarity, certainty, particularity and reasonable fullness, and on the further ground that complainant has an adequate remedy at law."   No opinion appears to have been filed.

The bill alleges that in 1926 the complainant, a woman around seventy years of age, unfamiliar with business, and relying wholly upon the defendant, entrusted to the defendant, an attorney and counselor-at-law, the sum of $3,000 which she desired to invest in a good, safe first mortgage; that the defendant informed her of an opportunity to take a first mortgage on property in North Bergen, consisting of

two lots and a house erected thereon; that accordingly she agreed to loan the money and forwarded it to defendant, who took a mortgage on the property in the name of complainant; that the defendant kept the bond and mortgage and collected the interest for the complainant down to and including October 1st, 1931. In November, 1931, complainant requested defendant to inform her of the status of the property with respect to unpaid taxes, but he did not comply with her request; thereupon, she investigated and learned that there was not a house erected upon the premises, as represented by complainant, but an old, worthless, abandoned shed, which had been previously used as a cheese factory. She also learned that certain street improvements had been made prior to the date of the mortgage, for which an assessment was made in 1927, about which she was not informed by the defendant. She further learned that the taxes for the years 1927, 1928, 1929, 1930 and 1931 had not been paid and that on June 26th, 1929, the premises in question had been sold at a tax sale to the township for $2,154.96, which represented the improvement assessment and 1927 taxes, about none of which she was informed by the defendant. She demanded that defendant restore her but he refused. The bill prays that the defendant be decreed to be a trustee for complainant with respect to this investment and that he be required to account.

In addition to the above facts, which form the basis of the alleged cause of action, the bill also set out the facts of another mortgage investment made for her by defendant. As to this investment the defendant made good and restored her investment. Defendant objected to the setting up of these facts and moved to strike them because they were impertinent and scandalous. Although settlements and offers of settlement are not admissible as admissions of liability, it is not clear that the facts of this other transaction were not proper in view of the effort to constitute the defendant a trustee.

Perhaps the bill did not plead the cause of action with all desired particularity. It does not definitely allege that the

investment was an unsafe one when made, but that is an inference which might be drawn from the facts set out, if they be true. At any rate, it certainly apprised the defendant of what complainant sought of him and what he was to be held to account for. *Davis* v. *Davis, 55 N. J. Eq. 37.* There was a direct charge of failure to disclose to complainant certain facts material to the investment, and as was said in *Turnley* v. *Nixon, 112 N. J. Eq. 116:*

"The failure of the defendant to disclose fully the facts and circumstances surrounding his transaction in connection with this mortgage was fraudulent and so far as the legal effect is concerned in this case it is immaterial whether it was actual or constructive fraud."

Such a cause of action is cognizable in equity. It is a suit for an accounting by a *cestui que trust* against a trustee alleg· ing improper conduct as such trustee. *Davis* v. *Davis, supra; Turnley* v. *Nixon, supra.* This is not a suit for negligence in the examination of the title. Complainant alleges, in effect, that defendant undertook to make this investment for her, to look after it, to collect interest, and in all respects to act for complainant, and such allegations raise a question as to the existence of the relation of trustee and *cestui que trust;* that he failed to communicate to her facts respecting the investment which it was his duty to give her and which he must have known and fraudulently concealed. The remedy at law, if there be one, would not be adequate because of the difficulty in ascertaining the amount of her damage. Equity could restore her by compelling the trustee to take the mortgage off her hands.

We conclude that the allegations of the bill, if sustained, were sufficient to put the defendant to his proofs.

The order under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.